Cartter, Ch. J.,
delivered the opinion of the court, substantially as follows: .
The bill in this case is for a divorce on the ground of. desertion. Defendant’s answer sets up a decree of the Court of Common Pleas of Lycoming county, Pennsylvania, obtained by the husband January, 1876, divorcing him from the bond of matrimony with the complainant, upon his application, alleging desertion, on her part, since June, 1878.
The complainant charges that the said decree was procured by fraud, and that the court rendering the same had rió jurisdiction in the case, and wé think she is correct in both propositions. Under the laws of Pennsylvania, the party exhibiting a petition for divorce must reside in the county where he brings his or her suit. Now, the defendant came, with his parents, when a child, to live in Washington. His parents returned to Pennsylvania, but he remained here in the employment of the government. Here he reached his majority, being engaged in various ways, both military and civil. He was married here, and resided with the father of his wife. He separated from her in Washington. Under these circumstances we do not think he resided in Pennsylvania. Now, whether the decree is void because ■ it was without notice to the complainant, and because she never resided in that State, it is not necessary to determine; for, independently of that; consideration, it is clear that the husband had no such residence in Pennsylvania as to give jurisdiction to the courts of' that State in an action of divorce.
The circumstances relied on to establish fraud lead to the same conclusion. Although he went to Pennsylvania to ' obtain his divorce, his petition in that case was prepared in this city, and was sworn to before the clerk of this court; and he took all his proofs in Washington, within two squares of where his wife resided, without any notice and without any service. There is no concealing the fact that he designed to *418 obtain a divorce without her knowing it. Where fraud is so apparent, we think it may? be set up against the divorce, although the judgment was obtained in another State. The circumstance that he was permitted to vote in Pennsylvania is not one to which we attach much importance on a question relating to the domestic relations.
The plea is overruled, and the case remanded to be proceeded in accordingly.